FREUND & BRACKEY LLP
Thomas A. Brackey II (SBN 162279)
    tbrackey@freundandbrackey.com
Derek S. Lemkin (SBN 238462)
    dlemkin@freundandbrackey.com
427 North Camden Drive
Beverly Hills, CA 90210
Tel: 310-247-2165
Fax: 310-247-2190

FILED
10 JUL 16 PM 4:06
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

Attorneys for Plaintiff,
    JEREMY CORBELL

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JEREMY CORBELL, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>GAIAM, INC. a Colorado corporation; TRUDIE STYLER, an individual; and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No. **CV10 5259 PSG (SSx)**<br><br>**CIVIL COMPLAINT FOR:**<br><br>1. **Trademark Infringement (15 U.S.C. § 1114)**<br><br>2. **False Designation of Orgin; False Description or Representation (15 U.S.C. § 1125(a))**<br><br>3. **Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, 17500 et seq.)**<br><br>[DEMAND FOR JURY TRIAL] |

1

COMPLAINT

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills CA 90210

Plaintiff, JEREMY CORBELL, by his attorneys Freund & Brackey LLP, hereby complains and alleges as follows:

## THE PARTIES

1. JEREMY CORBELL ("Corbell") is an artist, martial artist, yoga and massage professional who resides in Los Angeles County. He is the founder and president of Warrior Yoga and owner of the registered trademark WARRIOR YOGA.

2. Defendant GAIAM, INC. ("Gaiam") is a public Colorado corporation with its principal place of business in Boulder County, Colorado. Gaiam is a producer, publisher and distributor of products and services intended for customers who value the environment, a sustainable economy, healthy lifestyles, alternative healthcare and personal development. On or about October 29, 2009, Gaiam released for sale the yoga instructional video titled, "Trudie Styler's Warrior Yoga" in retail outlets throughout the United States, including in Los Angeles County, California.

3. Defendant TRUDIE STYLER ("Styler") is a citizen of the United Kingdom who works and resides in Los Angeles County, California. She is an actress and producer, and the wife of famous musician and recording artist, Sting. Styler has produced and starred in at least four exercise videos released and distributed by Gaiam, including the October 29, 2009 release, "Trudie Styler's Warrior Yoga."

4. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.

5. Plaintiff is informed and believes, and based thereon alleges, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants, whom obtained financial benefit from the those Defendants' acts and omissions, and each was acting within the course and scope of said agency and

employment.

6. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, did aid, abet, participate in, contribute to, or benefit from the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.

7. Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cure such acts and the behavior described herein, which duty Defendants and DOES 1 through 10, inclusive, failed and/or refused to perform.

## JURISDICTION AND VENUE

8. This is a civil action pertaining to intellectual property rights arising under the trademark laws of the United States. This court has federal question jurisdiction over this action pursuant to 15 U.S.C. §1121; 28 U.S.C. §§1331-1332, and 28 U.S.C. §1338, as well as pendent jurisdiction over any state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and each of the Defendants may be found in this district.

## FACTUAL BACKGROUND

10. Plaintiff Corbell is an accomplished martial artist and yoga instructor.

11. Beginning in September 1995, Corbell began teaching his brand of yoga utilizing the mark "WARRIOR YOGA" through classes at the University of California Santa Cruz, which were available to students and the general public. Since that time, Corbell has continuously used the mark "WARRIOR YOGA" (sometimes referred to hereinafter as the "Mark") in connection with yoga classes and seminars and, since as early

as December 2002, he has also sold a series of independently produced, instructional videos, which bear the mark, "WARRIOR YOGA."

12. In addition, Corbell has certified and authorized certain of his yoga students to teach Corbell's brand of yoga to the public under the mark "WARRIOR YOGA." Today, under Corbell's supervision, these certified instructors operate yoga studios in various locations throughout the United States that advertise and sell yoga instruction services to the public utilizing the name "WARRIOR YOGA."

13. Corbell registered the word mark "WARRIOR YOGA" on the Principal Register of the U.S. Patent and Trademark Office on October 2, 2001 (Reg. No. 2,494,506) for educational services, namely, conducting training classes, seminars and workshops in the field of yoga and distributing course materials in connection therewith (International Class 041). Said registration has attained incontestable status because he has continuously used the registered Mark in commerce for more than five years and has complied with the requisite statutory formalities.

14. Corbell registered the word mark "WARRIOR YOGA" on the Principal Register of the U.S. Patent and Trademark Office on July 13, 2010 (Reg. No. 3,818,083) for DVDs featuring yoga (International Class 009).

15. On October 20, 2009, Defendants released the yoga instruction video (the "Infringing Video") entitled, "Trudie Styler's Warrior Yoga" featuring the performances of Defendant Styler and James D. Silva.

16. Since its release, Defendants have distributed the Infringing Video in traditional and Internet retail outlets throughout the United States.

17. On December 18, 2009, Corbell sent written correspondence to Defendants demanding that Defendants cease and desist all sales and distribution of the Infringing Video and abandon all use of the mark "WARRRIOR YOGA." Defendants have refused to comply with Corbell's demand.

18. Prior to and since the release of the Infringing Video, Defendants have

promoted and advertised the Infringing Video extensively in various media channels, including without limitation, print and electronic mailing lists, catalogs, magazines, newspapers, and Internet websites.

19. In an interview with Defendant Styler published in the March 2010 edition of *Yoga Journal*, Styler claimed, "*Warrior Yoga* was created for everyone, but especially for women, who are on the battlefield." In the same interview, Styler claimed she and James D'Silva "came up with the idea of *Warrior Yoga*...."

20. Upon information and belief, Defendants have sold more than thirty thousand units of the Infringing Video in the United States.

21. Defendants' use of Corbell's registered mark "WARRIOR YOGA" as the title for the Infringing Video is in no way licensed by, affiliated with or authorized by Corbell.

## FIRST CAUSE OF ACTION

### (Trademark Infringement under 15 U.S.C. § 1114)

### (Against All Defendants)

22. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 21, inclusive.

23. Plaintiff is the owner of the federally registered mark, "WARRIOR YOGA" in classes 041 and 009.

24. Defendants intentionally and knowingly infringed Plaintiff's registered Mark without the consent or authorization of Plaintiff by using in commerce a reproduction, copy or colorable imitation of Plaintiff's registered Mark in connection with the sale, offering for sale, distribution and advertising of the Infringing Video, which such use is likely to cause confusion, or to cause mistake, or to deceive consumers.

25. Defendants have continued to market, advertise, offer for sale and sell the Infringing Video with actual knowledge of Plaintiff's products and services and actual knowledge that such conduct violates Plaintiff's exclusive rights and is likely to cause

confusion. Therefore, Defendants' infringement is knowing and willful.

26. As a direct result of Defendants' willful acts of trademark infringement as described herein, Defendants have profited in an amount to be proven at trial and Plaintiff has suffered substantial damage, in an amount to be proven at trial.

27. Because Defendants have engaged in the conduct described herein with the actual knowledge of the harm being caused to Plaintiff by such wrongful acts, this is an exceptional case, which merits an award of treble damages and attorneys' fees against Defendants.

28. Defendants' activities have and will continue to irreparably injure Plaintiff and allow Defendants to unjustly profit from the infringement of Plaintiff's Mark.

29. Defendants' acts of infringement have also caused Plaintiff irreparable, ongoing injury of a nature that may not be compensable by monetary damages alone, and Plaintiff is therefore entitled to injunctive relief.

## SECOND CAUSE OF ACTION

**[False Designation of Origin; False Description or Representation Under the Lanham Act §43(a), 15 U.S.C. §1125(a)]**

**(Against all Defendants)**

30. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 29, inclusive.

31. As early as September 1995, and continuously since that date, Plaintiff has been offering for sale and selling in interstate commerce yoga training classes, seminars and workshops and distributing course materials in connection therewith utilizing the mark, "WARRIOR YOGA" to distinguish his services.

32. As early as December 2002, and continuously since that date, Plaintiff has been offering for sale and selling in interstate commerce DVDs featuring yoga bearing the mark, "WARRIOR YOGA" to distinguish his goods.

33. By distributing, marketing and otherwise exploiting the Infringing Video

6

COMPLAINT

utilizing the title *Trudie Styler's Warrior Yoga*, Defendants have used in interstate commerce the words "Warrior Yoga" in a manner that is likely to cause confusion, cause mistake, or to deceive, as to the affiliation, connection, or association of Defendants with Plaintiff and as to the origin, sponsorship, or approval of Defendants' goods and services.

34. In addition, Defendants have used in interstate commerce false designations of origin, false or misleading descriptions or misleading representations of fact, including without limitation, Defendant Styler's statements in *Yoga Journal* that she is the creator and originator of "Warrior Yoga," which misrepresent the nature, characteristics or qualities of Defendants' goods, services or commercial activities in commercial advertising and promotion.

35. As a result of Defendants' conduct as alleged herein, members of the public will and have been reasonably deceived, confused and/or mistaken into believing that by purchasing the Infringing Product they are buying merchandise sponsored by, affiliated with or endorsed by Plaintiff, or are buying the original "Warrior Yoga" product.

36. Plaintiff is seriously injured by such deception, in that it negatively impacts his ability to distribute, market and otherwise exploit his products and services and irreparably harms the value of and goodwill associated with Plaintiff's mark.

37. As a direct result of Defendants' false designations of original and false descriptions as described herein, Defendants have profited in an amount to be proven at trial and Plaintiff has suffered substantial damage, in an amount to be proven at trial.

38. Because Defendants have engaged in the conduct described herein with the actual knowledge of the harm being caused to Plaintiff by such wrongful acts, this is an exceptional case, which merits an award of treble damages and attorneys' fees against Defendants.

39. Defendants' acts and conduct have caused and will continue to cause Plaintiff great and irreparable injury that cannot be adequately compensated or measured in damages. Plaintiff has no adequate remedy at law and will suffer immediate and

irreparable loss, damage and injury unless Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

## THIRD CAUSE OF ACTION

### [Unfair Competition: Violation of Cal. Bus. & Prof. Code §§ 17200 and 17500 *et seq.*]

### (Against All Defendants)

40.  Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 39, inclusive.

41.  As described above, Defendants' unauthorized and wrongful exploitation of Plaintiff's Mark has created consumer confusion by causing the public to believe that Defendants' Infringing Video is associated with, endorsed by, or is in fact Plaintiff's product.

42.  The conduct described herein constitutes a violation of both state and federal statutes.

43.  Accordingly, Defendants have violated California Business and Professions Code Sections 17200 and 17500 *et seq.*, which prohibit acts of unfair competition, unfair business practices and false advertising.

44.  As a direct result of Defendants' willful acts of unfair competition, unfair business practices and false advertising as described herein, Plaintiff is entitled to restitution from Defendants for the wrongful gains from the use of Plaintiff's Mark, in an amount to be proven at trial.

45.  Defendants' acts of infringement have also caused Plaintiff irreparable, ongoing injury of a nature that may not be compensable by monetary damages alone, and Plaintiff is therefore entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

## ON THE FIRST CAUSE OF ACTION

1. That the Court adjudge and decree that the Defendants have willfully infringed Plaintiff's exclusive rights under trademark law;

2. That Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of infringement of Plaintiff's Mark "WARRIOR YOGA";

3. That all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants, bearing the registered mark shall be delivered up and destroyed.

4. That Defendants disgorge all profits derived from their wrongful conduct;

5. That Defendants pay Plaintiff his damages;

6. That Defendants pay treble damages according to proof at trial;

7. That Defendants pay Plaintiff's reasonable attorney's fees and costs incurred herein;

8. That Defendants pay interest at the maximum legal rate;

9. That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE SECOND CAUSE OF ACTION

1. That the Court adjudge and decree that the Defendants have willfully infringed Plaintiff's exclusive rights under trademark law;

2. That Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of infringement of Plaintiff's Mark "WARRIOR YOGA";

3. That all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants, bearing the word, term, name, symbol, device, combination thereof, designation, description, or representation that is the subject of the violation, or any reproduction,

counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed.

4. That Defendants disgorge all profits derived from their wrongful conduct;

5. That Defendants pay Plaintiff his damages;

6. That Defendants pay treble damages according to proof at trial;

7. That Defendants pay Plaintiff's reasonable attorney's fees and costs incurred herein;

8. That Defendants pay interest at the maximum legal rate;

9. That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE THIRD CAUSE OF ACTION

1. That Plaintiff be awarded restitution in an amount to be proven at trial;

2. That the Court issue a permanent injunction prohibiting Defendants from engaging in the unfair business practices and unfair competition described herein;

3. That Defendants pay Plaintiff's reasonable attorney's fees and costs incurred herein;

4. Interest at the maximum legal rate; and

5. That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

July 16, 2010

FREUND & BRACKEY, LLP

By _____

Thomas A. Brackey II,
Derek S. Lemkin,
Attorneys for Plaintiff,
JEREMY CORBELL

10

COMPLAINT

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a jury trial on all issues that are triable by a jury.

July 16, 2010

FREUND & BRACKEY, LLP

By _____

Thomas A. Brackey II,
Derek S. Lemkin,
Attorneys for Plaintiff,
JEREMY CORBELL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

**CV10- 5259 PSG (SSx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

FREUND & BRACKEY LLP
Thomas A. Brackey (SBN 1679)
Derek Lemkin (SBN 238462)
427 North Camden Drive
Beverly Hills, CA 90210
Tel: 310 247 2165
Fax: 310 247 2190

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY CORBELL, an individual,<br><br>PLAINTIFF(S)<br><br>v.<br><br>GAIAM, INC. a Colorado corporation; TRUDIE STYLER, an individual; and DOES 1 through 10 inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 5259 PSG (SSx)<br><br>SUMMONS |

TO:   DEFENDANT(S): GAIAM, INC, a Colorado corporation; TRUDIE STYLER, an individual; and DOES 1 through 10 inclusive,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Thomas A. Brackey__, whose address is __Freund & Brackey, LLP 427 North Camden Drive Beverly Hills, CA 90210__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: 7/16/10

Clerk, U.S. District Court

By: __MARILYN DAVIS__
    Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                        SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JEREMY CORBELL, an individual,

**DEFENDANTS**
GAIAM, INC. a Colorado corporation; TRUDIE STYLER, an individual; and DOES 1 through 10 inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Freund & Brackey, LLP
Thomas A. Brackey
427 North Camden Drive Beverly Hills CA 90210 Tel: 310 247 2165

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be determined at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
TM Infringment (15 U.S.C. § 1114), False Designation of Origin (15 U.S.C. § 1125(a)), Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, 17500 et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

CV10 5259

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Colorado |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_     Date _7/16/2010_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |